Electronically Filed
2/11/2022 3:53 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
ROLAND CHRISTENSEN, ESQ.
Texas Bar No. 24101222
CAJ BOATRIGHT, ESQ.
Texas Bar. No. 24036237
SAMANTHA DEMUREN, ESQ.
Texas Bar No. 24103756
**ARNOLD & ITKIN**
6009 Memorial Drive
Houston, TX 77007
Phone: (888) 493-1629
*Pro Hac Vice*

*And*

MATTHEW D. MINUCCI, ESQ.
Nevada Bar No. 12449
**THE COTTLE FIRM**
8635 Eastern Avenue
Las Vegas, Nevada 89123
mminucci@cottlefirm.com
Phone: (702) 722-6111
Facsimile: (702) 834-8555

*Attorneys for Plaintiff*

CASE NO: A-22-848213-C
Department

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| MICHAEL STONE, an individual,<br>Plaintiff,<br><br>vs.<br><br>GABRIEL P. GUILLERMO, individually; NEW PRIME, INC., a Foreign Corporation; DOES I-X, and ROE CORPORATION I-X; inclusive,<br><br>Defendants. | CASE NO.:<br>DEPT. NO.:<br><br>**COMPLAINT** |

Plaintiff MICHAEL STONE, by and through his attorneys of record, ROLAND CHRISTENSEN, ESQ., of ARNOLD & ITKIN and MATTHEW D. MINUCCI, ESQ., of THE COTTLE FIRM, and complains and alleges against Defendants, as follows:

- 1 -

## GENERAL ALLEGATIONS

1. The claims asserted arise under the common laws of Nevada. This Court has jurisd[iction] and venue is proper because the Defendants do a substantial amount of business within th[e] forum state and one or more of the Defendants resides in this County. NRS 13.040.

2. Plaintiff MICHAEL STONE (hereinafter "Plaintiff") is and, at all times mentioned herein, a resident of the State of Texas.

3. Defendant GABRIEL P. GUILLERMO (hereinafter "Defendant" or "Defendants") is an[d] all times mentioned herein, was a resident of the County of Clark, State of Nevada.

4. That Defendant NEW PRIME, INC., (hereinafter "Defendant" or "Defendants") is and, a[t] times mentioned herein, was a Foreign Corporation, conducting business in Clark County, Nevada.

5. That Defendant GUILLERMO, is and, at all times mentioned herein, the operator and was a permitted driver of the vehicle, an employeee of Defendant NEW PRIME, INC., and operati[ng] the vehicle in the course and scope of his employment.

6. That NEW PRIME, INC., owned the vehcile driven by Defendant GUILLERMO.

7. The true names and capacities of the Defendants designated herein as DOE individuals or RO[E] corporations are presently unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. When the true names and capacities of these Defendants are ascertained, Plaintiff will amend this Complaint accordingly.

8. At all times pertinent, Defendants were agents, servants, employees, or joint venturers of ea[ch] other Defendant herein and, at all times mentioned herein, were acting within the sc[ope] course of said agency, employment, or joint venture, with knowledge and permissio[n] consent of all other named Defendants.

9. On or about May 22, 2021, Plaintiff's vehicle was parked at a Pilot Gas Station located in the State of Illinois, when Defendant GUILLERMO negligently failed to keep a proper look out and failed to maintain his travel lane and attempted to make a right turn. In the process, Defendant GUILLERMO violently struck Plaintiff's vehicle. As a result, the Plaintiff was seriously injured.

10. As a direct and proximate result of the negligence of Defendant, Plaintiff sustained inju.. her body, all or some of which conditions may be permanent and disabling, and a. Plaintiff's damages in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

11. As a direct and proximate result of Defendants' negligence, Plaintiff received medical and other treatment for the aforementioned injuries and will receive medical and other treatment in the future for the aforementioned injuries.

12. In addition, Plaintiff lost and may in the future lose wages, earning capacity, hous services, enjoyment of life, and experienced and will experience pain and suffering ... disability as a result of Defendants' negligence.

13. As a direct and proximate result of the aforementioned negligence of all Defendants, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

**FIRST CAUSE OF ACTION-NEGLIGENCE**

14. Plaintiff incorporates paragraphs 1 through 13 of the Complaint as though said paragraphs fully set forth herein.

15. Defendant owed Plaintiff a duty of care to operate his vehicle in a reasonable and safe manner.

16. Defendant breached that duty of care by striking the Plaintiff.



- 3 -

17. As a direct and proximate result of the negligence of Defendants, Plaintiff suffered damages in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

18. As a direct and proximate result of the aforementioned negligence of all Defendants, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and co... bring this action.

19. At the time of the occurrence of the act in question and immediately prior thereto, Defendant GUILLERMO was within the course and scope of employment for Defendant NEW PRIME, INC.

20. At the time of the occurrence of the act in question and immediately prior thereto, Defendant GUILLERMO was engaging in the furtherance of Defendant NEW PRIME, INC.'S business.

21. At the time of the occurrence if the act in question and immediately prior thereto, Defendant GUILLERMO was engaged in accomplishing a task for which Defendant NEW PRIME, INC. was employed.

22. Plaintiff invokes the doctrine of *Respondeat Superior* as against Defendant NEW PRIME, INC.

23. At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative or employee of Defendant NEW PRIME, INC., occurred within the scope of the actual or apparent authority of such person on behalf Defendant NEW PRIME, INC.

24. Therefore, Defendant NEW PRIME, INC., is liable to Plaintiff for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of such agency relationship.

25. The acts of Defendant GUILLERMO, as described herein, violated the Federal Motor Carrier Safety Regulations, specifically Section 391, as well as the traffic laws of the State of Illinois

including Illinois:

A. Failing to control the vehicles speed - (625 ILCS 5/11-601) (from Ch. 95 1/2, par. 11-601)
Sec. 11-601. General speed restrictions.
(a) No vehicle may be driven upon any highway of this State at a speed which is greater than is reasonable and proper with regard to traffic conditions and the use of the highway or endangers the safety of any person or property. The fact that the speed of a vehicle does not exceed the applicable maximum speed limit does not relieve the driver from the duty to decrease speed when approaching and crossing an intersection, approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, or when special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway conditions. Speed must be decreased as may be necessary to avoid colliding with any person or vehicle on or entering the highway in compliance with legal requirements and the duty of all persons to use due care.

B. Failing to maintain travel lane - (625 ILCS 5/11-709) (from Ch. 95 1/2, par. 11-7...
Sec. 11-709. Driving on roadways laned for traffic. Whenever any roadway has be...
divided into 2 or more clearly marked lanes for traffic the following rules in addition...
all others consistent herewith shall apply.
(a) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.

26. Plaintiff, a fellow motorist, was a member of the class of persons that these statutes were intended to protect.

27. By violating these statutes, Defendant GUILLERMO, caused Plaintiff to suffer the exact ... of harm that these statutes were intended to prevent, a vehicular collision and bodily inju...

28. As a direct and proximate result of Defendant GUILLERMO's negligence in violating the... statutes, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

### SECOND CAUSE OF ACTION-NEGLIGENT ENTRUSTMENT

29. Plaintiff incorporates paragraphs 1 through 28 of the Complaint as though said paragraphs we... fully set forth herein.

. . .

-5-

30. Defendant NEW PRIME, INC., had legal and rightful ownership, custody, and control vehicle.

31. Defendant NEW PRIME, INC., did entrust the vehicle to the control of Defendant GUILLERMO.

32. Defendant GUILLERMO was incompetent, inexperienced, or reckless in the operation of the vehicle.

33. Defendant NEW PRIME, INC., knew or, by the exercise of reasonable care, should known that Defendant GUILLERMO was incompetent, inexperienced, or reckless operation of motor vehicles.

34. Plaintiff MICHAEL STONE was injured as a direct and proximate consequence of the negligence and incompetence of Defendant GUILLERMO, concurring with the negligent entrustment of the vehicle by Defendant NEW PRIME, INC.

35. As a direct and proximate cause of the negligent entrustment of the vehicle by Defendant NEW PRIME, INC., to Defendant GUILLERMO, Plaintiff MICHAEL STONE suffered dam an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

### THIRD CAUSE OF ACTION-NEGLIGENT HIRING
(NEW PRIME, INC.)

36. Plaintiff incorporates paragraphs 1 through 35 of the Complaint as though said paragraphs were incorporated herein.

37. That Defendant NEW PRIME, INC., and/or its affiliates and subsidiary corporations knew by the exercise of reasonable care, should have known that Defendant GUILLERMO incompetent, unfit, and dangerous in his capacity as a driver.

38. That Defendant NEW PRIME, INC., and/or its affiliates and subsidiary corporations had a duty of care to hire competent, qualified, and safe employees.



- 6 -

39. That Defendant NEW PRIME, INC., and/or its affiliates and subsidiary corporations breached its duty of care to Plaintiff by hiring the Defendant driver as an employee.

40. That Plaintiff was severely injured as a proximate consequence of the negligence of Defendant GUILLERMO, concurring with the negligent hiring by Defendant NEW PRIME, INC., and/or its affiliates and subsidiary corporations.

41. That as a direct and proximate cause of the negligent hiring of Defendant driver, by Defendant NEW PRIME, INC., and/or its affiliates and subsidiary corporations, Plaintiff has been damaged in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

42. That, as a direct and proximate result of the aforementioned negligence of all Defendants, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

### FOURTH CAUSE OF ACTION-NEGLIGENT TRAINING
(NEW PRIME, INC.)

43. Plaintiff incorporates paragraphs 1 through 42 of the Complaint as though said paragraphs were incorporated herein.

44. That Defendants and/or its affiliates and subsidiary corporations had a duty of care to adequately train its employee-drivers to ensure the safety of all other motorists, including Plaintiff.

45. That Defendant NEW PRIME, INC., and/or its affiliates and subsidiary corporations breached its duty to adequately train Defendant GUILLERMO.

46. That Plaintiff's damages were the proximate consequence of the negligence, incompetence, and dangerous propensities of Defendant GUILLERMO, occurring after the inadequate training by Defendant NEW PRIME, INC., and/or its affiliates and subsidiary corporations.

. . .



47. That as a direct and proximate cause of the inadequate training of Defendant GUILLERMO, by Defendant NEW PRIME, INC., and/or its affiliates and subsidiary corporations, Plaintiff has been damaged in an amount in excess of FIFTEEN THOUSAND DOLLRS ($15,000.00).

48. That, as a direct and proximate result of the aforementioned negligence of all Defen... Plaintiff has been required to engage the services of an attorney, incurring attorney's fees costs to bring this action.

### FIFTH CAUSE OF ACTION-NEGLIGENT SUPERVISION
(NEW PRIME, INC.)

49. Plaintiff incorporates paragraphs 1 through 48 of the Complaint as though said paragraphs were incorporated herein.

50. That Defendant NEW PRIME INC., and/or its affiliates and subsidiary corporations had of care to adequately supervise its employees to ensure the safety of all other motor including Plaintiff.

51. That Defendant NEW PRIME, INC., and/or its affiliates and subsidiary corporations breached its duty to adequately supervise Defendant GUILLERMO.

52. That Plaintiff's damages were the proximate consequence of the negligence, incompetence, and dangerous propensities of Defendant driver, occurring after the inadequate supervision Defendant NEW PRIME, INC., and/or its affiliates and subsidiary corporations.

53. That as a direct and proximate cause of the inadequate supervision of Defendant GUILLER... by Defendant NEW PRIME, INC., and/or its affiliates and subsidiary corporations, Plaintiff has been damaged in an amount in excess of FIFTEEN THOUSAND DOLLRS ($15,000.00).

54. That, as a direct and proximate result of the aforementioned negligence of all Defendants, Plaintiffs has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

- 8 -

## SIXTH CAUSE OF ACTION-NEGLIGENT MAINTENANCE

55. Plaintiff incorporates paragraphs 1 through 54 of the Complaint as though said paragraph incorporated herein.

56. That Defendant NEW PRIME, INC., and/or its affiliates and subsidiary corporations owed a duty to inspect, repair and maintain the subject vehicle in a safe and operable manner; and further owed a duty to the Plaintiff that while driving the subject vehicle, to anticipate the occurrence of hazards on the roadway with said tractor and respond to such hazards in a safe and proper manner in order to avoid injury to any person(s).

57. The Defendant NEW PRIME, INC., breached the duty owed to Plaintiff when they fail inspect, repair and maintain the subject tractor in a safe and operable manner.

58. As a direct or proximate result of the conduct of the Defendant NEW PRIME, INC., Plaintiff has been damaged in an amount in excess of FIFTEEN THOUSAND DOLLRS ($15,000.00).

WHEREFORE, Plaintiff expressly reserves the right to amend this complaint prior to or at the time of trial of this action, to insert those items of damage not yet fully ascertainable, prays judgment against all Defendants, and each of them, as follows:

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .



1. For general damages and special damages sustained by Plaintiff in an amount in excess of $15,000.00;

2. Damages for medical expenses incurred, both past and future;

3. Damages for past and future loss of household services;

4. Damages for past and future lost wages and loss of earning capacity;

5. Past and future physical and mental pain and suffering;

6. For reasonable attorney's fees and costs;

7. For interest at the statutory rate; and

8. For such other relief as the Court deems just and proper.

DATED this _____ day of February 2022.

ARNOLD & ITKIN

ROLAND CHRISTENSEN, ESQ.
Texas Bar No. 24101222
CAJ BOATRIGHT, ESQ.
Texas Bar. No. 24036237
SAMANTHA DEMUREN, ESQ.
Texas Bar No. 24103756
**ARNOLD & ITKIN**
6009 Memorial Drive
Houston, TX 77007
*Pro Hac Vice*

*And*

ROBERT W. COTTLE, ESQ.
Nevada Bar No. 4576
MATTHEW D. MINUCCI, ESQ.
Nevada Bar No. 12449
**THE COTTLE FIRM**
8635 Eastern Avenue
Las Vegas, Nevada 89123