UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL STONE,<br><br>Plaintiff,<br><br>v.<br><br>GABRIEL P. GUILLERMO, individually;<br>NEW PRIME, INC., a foreign corporation;<br>DOES I through X, inclusive; and ROE<br>BUSINESS ENTITIES I through X, inclusive,<br><br>Defendants. | Case No. 2:22-cv-00480-JCM-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Relief from Order (ECF No. 59) as well as Plaintiff's Motion for Leave to Amend (ECF No. 60). Each Motion was opposed by Defendants. ECF Nos. 61, 62. No replies were filed.

**I.   Procedural History**.

The procedural background of this case is needed to understand the Court's ruling. This matter commenced in federal court when Defendants filed a Notice of Removal on March 17, 2022. ECF No. 1. On May 19, 2022 a stipulated discovery plan and scheduling order was filed by defense counsel and signed by Matthew Minucci, Plaintiff's local counsel, associated with The Cottle Firm.[1] ECF No. 12 at 11. The first stipulation to extend discovery deadlines was filed by Defendants on October 3, 2022 and signed by Mr. Minucci as well as three attorneys associated with the Texas firm of Arnold & Itkin (including Roland Christensen, Caj Boatright, and Samantha Demuren). ECF No. 15 at 5. At the time of this filing, more than six months after the case commenced, no application to proceed *pro hac vice* had been filed by any of Plaintiff's out of state counsel. *See* docket, *generally*.

On December 28, 2022, Defendants filed a Motion to Extend Discovery Deadlines (the second request to do so). ECF No. 23. The Court ordered Plaintiff to file a response to Defendants' Motion no later than January 3, 2023; however, Plaintiff did not do so resulting in the Court granting

---

[1] The Court notes Robert Cottle has been in practice for over 30 years. Mr. Minucci has been in practice over ten years. www.cottlefirm.com (last visited March 4, 2024).

Defendants' unopposed Motion on January 4, 2023.  ECF Nos. 24, 25.  Still no *pro hac vice* application was on file with the Court.  Finally, on January 10, 2023, almost ten months after this case was removed to federal court, Samantha Demuren filed her application to appear *pro hac vice* designating Mr. Minucci as local counsel.  ECF No. 26 (corrected image at ECF No. 28).

On March 3 and 8, 2023, approximately one year after the matter was removed, approximately six months after the date by which amendments to pleadings and parties had lapsed (ECF No. 13), and without filing a motion seeking leave to amend, Plaintiff filed a First Amended Complaint and then a Second Amended Complaint.  ECF Nos. 29 and 32, respectively.  Federal Rule of Civil Procedure 15, a Rule with which local and out of state counsel should be familiar and which Rule applies in Texas as well as in Nevada, requires that "[a] party may amend its pleading [only] once as a matter of course," and then only when such amended pleading is sought "no later than … 21 days after serving it, or … if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1) (A), (B).  Neither of the exceptions to the requirement that a motion for leave to amend must accompany a proposed amended complaint applied to Plaintiff's filings on March 3 and 8, 2023.  *Compare* Fed. R. Civ. P. 15(a)(2); LR 15-1.

The First and Second Amended Complaints were signed by local counsel and Ms. Demuren.  These filings were also signed by Roland Christensen and Caj Boatright who practice in Texas and had yet to file *pro hac* applications.  *See* ECF Nos. 29, 30, 31, 32.

On March 31, 2023, Ms. Demuren's *pro hac* application was granted and Mr. Minucci was officially designated as local counsel.  ECF No. 34.  Four days later a third stipulation to extend discovery deadlines was filed and signed by defense counsel as well as Plaintiff's local counsel and all three out of state counsel.  ECF No. 35.  A fourth stipulation requesting extension of discovery deadlines was filed on June 6, 2023 signed by the same counsel.  ECF No. 37.  Interesting to the Court is that no mention of the pending First or Second Amended Complaints was made in either of these Stipulations.  ECF Nos. 35, 37.

Despite the fact that the Second Amended Complaint named a new defendant (Peguero Trucking Services, LLC), Plaintiff had not sought a summons and had not served this defendant as

2

of July 5, 2023 (90 days later) prompting the Court to issue a Notice of Intent to Dismiss under Federal Rule of Civil Procedure 4(m).  ECF No. 39.  The Court's Notice apparently prompted Plaintiff to act as a summons was issued later the same day.  ECF No. 40.[2]

On July 26, 2023, Defendants filed a Motion for Protective Order evidencing Plaintiff's counsel's failure to follow through on a promise to provide updated deposition topics for a noticed Fed. R. Civ. P. 30(b)(6) deposition.  ECF No. 42.  Like the Stipulations to Extend Discovery, Defendants' Motion was silent with respect to the First and Second Amended Complaints improperly filed in March.  Nonetheless, on the same day the Motion was filed, the Court issued an Order requiring Plaintiff to provide the updated deposition topics and for the parties to meet and confer to discuss the revised topics no later than August 9, 2023.  ECF No. 43.  The Court further ordered that any remaining disputes were to be filed jointly by the parties in a single document no later than August 17, 2023.  *Id*.  The Court set a hearing for August 25, 2023 to address the remaining disputes.  *Id*.

While the parties met and conferred on August 9, and Plaintiff sent revised deposition topics to Defendant on August 11, 2023, Plaintiff's counsel apparently went on vacation without considering the August 17, 2023 deadline to present any remaining disputes to the Court.  ECF No. 47 at 2.  Plaintiff complained the August 16, 2023 email sent by defense counsel regarding remaining disputes did not go to Plaintiff's local counsel (ECF No. 48 at 3 *citing* ECF No. 47-8); however, there is no dispute that the email (ECF No. 47-8) was sent to Ms. Demuren as well as her Legal Assistant.  ECF No. 47-8 at 2.

Despite setting the August 25, 2023 hearing on July 26, 2023 (ECF No. 43), Plaintiff's counsel filed a request to continue the hearing one day prior on August 24, 2023.  *See* ECF Nos. 50, 51.  The Court denied the request and the hearing proceeded on August 25, 2023 with Mr. Minucci (Plaintiff's local counsel) appearing and arguing on behalf of Plaintiff.  ECF No. 53.

On October 12, 2023, seven months after the First and Second Amended Complaints were filed, several months after two extensions of discovery were requested, and more than two months after the service of the new defendant (Peguero Trucking) was effected, Defendants filed a Motion

---

[2] Peguero Trucking was served on August 4, 2023.  ECF No. 46.

to Strike the First and Second Amended Complaints. *Compare* ECF Nos. 29, 32, 35, 37 *and* ECF No. 55. Although Plaintiff filed a "Stipulation and Order Regarding Attorneys of Record" on October 27, 2023 (ECF No. 57), Plaintiff filed no response to Defendants' Motion to Strike. Thus, the Court entered an Order granting Defendants' Motion. ECF No. 56.

Approximately one month after granting Defendants' Motion to Strike Plaintiff's First and Second Amended Complaints, Plaintiff filed a Motion seeking relief from the Court's Order striking the Amended Complaints. ECF Nos. 59 and 60. Despite experienced local counsel and, presumably, experienced out of state counsel, Plaintiff's Motion to Amend, filed at the same time, failed to attach a copy of the proposed amended complaint in violation of Local Rule 15-1. As stated above, Defendants opposed the Motion for Relief from the Court's Order as well as the Motion to Amend, after which Plaintiff filed no reply briefs.

Of note is the undisputed fact that despite five requests to extend scheduling deadlines, the deadline to amend pleadings and add parties was set in the originally stipulated discovery plan as September 22, 2022 (ECF No. 13) and never extended. ECF Nos. 15, 25, 36, 38, 63.

**II.     Analysis**.

    A.     <u>Summary of Arguments Regarding Plaintiff's Motion for Relief from Order</u>.

Plaintiff's Motion for Relief from Order asks the Court to set aside the October 27, 2023 Order granting Defendant's Motion to Strike Plaintiff's First and Second Amended Complaints. ECF No. 59. There is no dispute that Plaintiff did not respond to the Motion to Strike or that he did not seek relief from the Order granting the Motion to Strike until approximately one month after it was entered. Plaintiff's Motion cites Rule 60(b) in support of his request.

Plaintiff argues that new out of state counsel, Sam Long, was unaware that Defendants' Motion was filed. This argument makes no mention of local counsel who would have received electronic notice of the filing, and is silent with respect to the undisputed fact that neither Sam Long nor any other attorney from Arnold & Itkin who remain associated with the firm—two of whom have been listed as counsel for Plaintiff since this case commenced in federal court—ever sought admission to practice in this case before this Court. Plaintiff further contends there will be no prejudice to Defendants if the Motion for Relief is granted because (a) Defendants' Motion to Strike

4

was based on a procedural error, (b) the Motion to Strike was not filed until seven months after the improperly filed amended complaints were filed, and (c) the amended complaint makes no factual changes; it only adds a new defendant to Plaintiff's claims.

Plaintiff submits any delay is not due to his failure to file a motion for leave to amend together with the amended complaints until six months after the deadline to do so had lapsed, but due to Defendants' failure to move to strike the amended complaints for seven months. Plaintiff also contends he acted in good faith and setting aside the Motion to Strike will not delay pending deadlines (albeit Plaintiff says nothing about what those deadlines are).

Defendants argue that Plaintiff has not established excusable neglect for his failure to respond to the Motion to Strike. Defendants argue Plaintiff's counsel (including local counsel) was properly served through the CM/ECF system. Defendants point out that Sam Long, counsel at Arnold & Itkin who now has responsibility for this case, is not on the electronic service list because he has not applied to practice in this case before this Court (something that remains true to this day). Defendants conclude that even if Mr. Long did not know the Motion to Strike was filed, his firm and local counsel received notice and, therefore, Mr. Long's lack of knowledge does not constitute excusable neglect. Defendants submit prejudice arises from seeking to amend (without compliance to Rule 15) six months after the deadline to amend or add parties closed. Defendants further state that this delay came with the naming of an additional defendant whose deposition was taken (the Court is guessing) by virtue of Plaintiff's deposition of Mr. Peguero, presumably a principle of Peguero Trucking Service—a fact not clarified by the parties. Without citation to a single authority, Defendants argue it would be prejudicial to add Peguero Trucking as a Defendant and "potentially subject Mr. Peguero to duplicative discovery."

B.  Although a Close Call, Plaintiff's Motion For Relief from Order is Granted.

Federal Rule of Civil Procedure 60(b)(1) states: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect …." Upon interpreting this Rule in *Bateman v. U.S. Postal Service*, the Ninth Circuit Stated:

5

> For years, the common understanding was that this term only covered situations beyond an attorney's control, not negligence on the part of counsel. In *Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 394 … (1993), the Supreme Court altered this understanding. In the context of Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure, which is nearly identical to Rule 60(b)(1), it held that "excusable neglect" covers "situations in which the failure to comply with a filing deadline is attributable to negligence." *Id.* at 395 …. It also established an equitable test to determine whether an attorney's neglect is excusable. We adopted this test for Rule 60(b)(1) cases in *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997).

231 F.3d 1220, 1222 (9th Cir. 2000). The *Pioneer* equitable test (found at 507 U.S. at 395) evaluates: (1) the danger of prejudice to Defendants; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of Plaintiff; and (4) whether Plaintiff's conduct was in good faith. *Id*. Further, "clients must be held accountable for the acts and omissions of their attorneys." *Id*. at 396.

The Court reviewed the record as summarized above and finds Plaintiff has not shown his failure to timely file a Motion to Amend his complaint in compliance with Federal Rule of Civil Procedure 15 and Local Rule 15-1 was inadvertent or a mere mistake; however, as discussed below, the overall errors made, given the entirety of the record discussed above and below, are excusable as negligent under the equitable test established in *Pioneer*.

The deadline to file an amended complaint to add parties lapsed on September 10, 2022. ECF No. 13. Texas and Local Counsel signed the stipulation setting this date and every stipulation regarding deadlines filed thereafter in which this deadline was not extended. ECF Nos. 13, 15, 25, 36, 38, 63. Plaintiff did not file his amended complaints (which he did in violation of Federal Rule of Civil Procedure 15) until March 2023. There is no explanation offered for this delay. ECF No. 59 at 4-5. Instead, Plaintiff blames Defendants for waiting to file its Motion to Strike, which it seeks to diminish by characterizing the Motion as based solely on a procedural error. *Id*. Plaintiff does not explain why Federal Rule of Civil Procedure 15, which is as applicable in Texas just like it is in Nevada, was not followed. And no counsel for Plaintiff explains why, when the Motion to Strike was filed on October 12, 2023, Mr. Minucci, local counsel, an attorney certainly familiar with the Federal Rules of Civil Procedure and who would have received notice of all filings, took no action. United States District Court for the District of Nevada Local Rule ("LR") IC 4-1(a) states:

"Participation in the court's electronic filing system by registration and receipt of a login and password constitutes consent to the electronic service of pleadings and other papers under applicable rules, statutes, or court orders." Plaintiff and his counsel are completely silent on these issues.

Further, it is hard to fathom why out of state counsel failed, over a lengthy period of time, and after receiving notice from the Court that *pro hac vice* applications were not received, failed to follow through with this ordinary practice in order to appear for Plaintiff so as to ensure receipt of all filings in a case Texas counsel brought in the District of Nevada. Even though Plaintiff's counsel, Sam Long, may have been new to the case, Messrs. Christensen and Boatright were not. No explanation is provided for their failure to submit *pro hac vice* applications. That Sam Long may have been new to the case also does not explain why he did not seek admission to practice, simply check electronic filing in the case, or ask local counsel to keep him apprised of any filing until he was admitted to practice in the District of Nevada.

The above facts, evidencing something far less than diligence, nonetheless do not merit a finding of bad faith. In fact, Defendants do not raise this issue in opposition to Plaintiff's Motion. ECF No. 61. Further, neither party provided robust and well supported arguments for their respective positions.[3] In the end, it is an extremely close call when considering whether Plaintiff's repeated failures to follow Federal Civil Rules and Local Rules, and failure to adequately support his Motion for Relief, is something more than negligence.

Looking to the equitable considerations required by *Pioneer*, the Court finds the history in this case evidences no objection to the flawed filing of the First and Second Amended Complaints for seven months during which time the case proceeded with discovery apparently including the deposition of Mr. Peguero (ECF No. 61 at 3-4). Defendants repeatedly sought or agreed to extensions of discovery the last of which extended deadlines into 2024. ECF No. 63. Plaintiff's Motion seeking relief from the Court's Order striking Plaintiff's amended complaints was filed one

---

[3] Defendants do not assist the Court with its decision here. It claims prejudice, but then seems to turn immediately to delay. ECF No. 61 at 3. Defendants do say it would be unfair to subject Mr. Peguero to a second deposition; however, no specifics are provided regarding why Mr. Peguero would need to be deposed again or if any other discovery would need to be done in order to defend a claim against Peguero Trucking. The Court also advises that it would have been helpful had Plaintiff bothered to file a reply indicating whether there was any intent to take Mr. Peguero's deposition again or what, if any, discovery he seeks in order to prosecute a claim against the newly named Defendant.

7

month after the Order was entered. Prejudice to Defendant Peguero Trucking can be cured by allowing the Second Amended Complaint to proceed as the operative complaint, but not allowing a second deposition of Mr. Peguero or any other discovery by Plaintiff absent Defendants' agreement or an order of the Court.

Although discovery closed in this matter on February 16, 2024 (ECF No. 63 at 4), the Motion seeking relief was filed four months earlier on November 20 2023. If the Court was not so backed up, the Motion could have been resolved before the close of discovery. Thus, reopening or extension of discovery could have been avoided in its entirety but for the Court's delay. The dispositive motion deadline is set for March 15, 2024. While that date obviously has not passed, the Court understands the date is no longer reasonable given the date of this Order. All in all the Court finds that the danger of prejudice to Defendants is curable and the length of delay and its potential impact on judicial proceedings can be mitigated. The reason for the delay was at least in part within the reasonable control of Plaintiff, but there is no argument in favor of a bad faith finding made. The Motion for Relief is granted. Given this finding, the Motion to Amend is also granted allowing the Second Amended Complaint to proceed as the operative complaint. The Motion to Strike is denied as moot.

**III.    Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Relief from Order (ECF No. 59) is GRANTED.

IT IS FURTHER ORDERED that the Second Amended Complaint (ECF No. 32) is the operative complaint in this matter.

IT IS FURTHER ORDERED that a responsive pleading to the Second Amended Complaint is due no later than March 22, 2024.

IT IS FURTHER ORDERED that Defendants' Motion to Strike (ECF No. 55) is DENIED as moot.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to Amend (ECF No. 60) is GRANTED consistent with the contents of this Order.

IT IS FURTHER ORDERED that discovery by Plaintiff is closed. No discovery by Plaintiff is permitted absent agreement of the parties or an order of the Court.

IT IS FURTHER ORDERED that if Defendant Peguero Trucking Services, LLC seeks to conduct discovery it must submit a proposal specifying what is needed and the timeline for completing such discovery no later than **March 29, 2024**.

IT IS FURTHER ORDERED that if no additional discovery is required by Defendant Peguero Trucking Services, LLC, the due date for dispositive motions is **April 30, 2024**.

IT IS FURTHER ORDERED that if no dispositive motions are filed, the due date for the Joint Pretrial Order is **May 31, 2024**.

Dated this 4th day of March, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE